## No. 11,645.

RADETSKY, ET AL. *v.* WILLIAMS AND ROSE ELECTRIC CO.

Decided October 4, 1926.

Appeal from justice to county court, dismissed.

### *Affirmed.*

1. BONDS—*Appeal.* Principal on an appeal bond held precluded from disputing recitals appearing on the face of the bond at the time she affixed her signature thereto.

2. APPEALS—*Justice to County Court—Dismissal.* In an appeal from justice to county court, appellants held negligent in not docketing the case on appeal in the county court within twenty days after the date of approval of the appeal bond.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. I. E. SCHACHET, for plaintiffs in error.

Mr. CHARLES ROSENBAUM, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

ON February 15, 1926, the Williams & Rose Electric Company had judgment against M. S. Radetsky and Sara Radetsky, in the justice of the peace court. M. S. Rad-

etsky filed an appeal bond to the county court, which was approved by the justice February 18, 1926, and transmitted to the county court. Thereafter the county court, on motion, dismissed the appeal and issued a writ of procedendo, for the reason that the appellants did not within twenty days from the date of the approval of the appeal bond pay to the clerk of the county court the fees necessary to have the case docketed and placed on the calendar, in compliance with section 6171, C. L. 1921. Thereafter plaintiffs in error filed in the same case in the county court a petition for a writ of certiorari.

Section 6165, C. L. 1921, provides: "The petition, on application for writs of certiorari, shall set forth and show upon the oath of the applicant that the judgment before the justice of the peace was not the result of negligence of the party praying for such writ, that the judgment, in his opinion, is erroneous and unjust, setting forth wherein the error and injustice consists, and that it was not in the power of the party to take an appeal in the ordinary way; setting forth the particular circumstances which prevented him from so doing."

The petition did not show, as required by the provisions of the statute, that it was not in the power of the plaintiffs in error to take an appeal in the ordinary way. When the plaintiff in error Sara Radetsky signed the bond in the office of the clerk of the county court, the bond had already been approved, by indorsement thereon by the justice of the peace, on the same page immediately beneath the place where plaintiff in error Sara Radetsky made her signature, as follows: "Approved by me at my office this 18th day of February, 1926. A. T. Orahood, Justice of the Peace." The record clearly shows that the plaintiff in error, Sara Radetsky, knew the date of the approval of the appeal bond, was not in any way misled with respect to the date, and cannot now be heard to dispute the recitals on the face of the bond at the time she attached her signature thereto.

The plaintiffs in error were clearly negligent in not docketing the case on appeal within twenty days after the date of the approval of the appeal bond.

Supersedeas denied, judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.